Filed 3/22/24  P. v. Singh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAGHVENDRA SINGH,<br><br>    Defendant and Appellant. | C099220<br><br>(Super. Ct. No. 19FE010982) |

Defendant Raghvendra Singh was released on postrelease community supervision after serving a portion of a 12-year sentence, which was first imposed in 2020 and then reimposed on resentencing in 2022.  The trial court denied a motion to terminate postrelease community supervision, and defendant appeals from that denial.  His appointed counsel filed an opening brief raising no legal issues and asking this court to independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Having done so, we affirm.

1

BACKGROUND

In our opinion resolving defendant's appeal from his most recent resentencing, we summarized the facts of the case: "[D]efendant procured the filing of multiple false or forged proofs of service in various legal proceedings and also conspired to file two false or forged grant deeds. [Citation.]

"A jury found defendant guilty of 14 counts of filing a false or forged instrument, in violation of Penal Code section 115, subdivision (a), and two counts of conspiracy to file a false or forged instrument. The jury also found true an allegation that defendant was convicted of more than one violation of section 115, subdivision (a), and the cumulative financial loss from all transactions exceeded $100,000. [Citation.] The trial court sentenced defendant to 12 years in prison. [Citation.]

"On appeal from that judgment, this court reversed the cumulative financial loss finding, remanded the matter for resentencing, and otherwise affirmed the judgment. [Citation.]" (*People v. Singh* (Nov. 2, 2023, C097137) [nonpub. opn.].) At the resentencing hearing, defendant requested probation and noted he was scheduled to be released in October 2022. The trial court rejected defendant's request and imposed a sentence of 12 years. Defendant appealed the resentencing decision, and this court affirmed the judgment. (*Ibid.*)

On July 25, 2023, defendant filed an ex parte motion to terminate postrelease community supervision, attaching the abstract of judgment from the resentencing hearing and saying it did not show any postrelease community supervision. The trial court denied the request.

Defendant filed a timely notice of appeal.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and, pursuant to *People v. Wende, supra*, 25 Cal.3d 436, requesting this court to review the record and determine whether there are any

2

arguable issues on appeal.  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief and he has not done so.

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 221.)  The *Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution."  (*Delgadillo*, at p. 221.)

In *Delgadillo*, our Supreme Court considered whether the *Wende* process applies to a trial court's order denying a petition for postconviction relief under Penal Code section 1172.6 and concluded such procedures are not required.  (*People v. Delgadillo, supra*, 14 Cal.5th at pp. 221-222.)  While *Delgadillo* addressed the application of *Wende*'s review procedures in the specific context of a postconviction relief order under Penal Code section 1172.6, it explicitly declined to apply its holding to other postconviction motions.  (*Delgadillo*, at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende*'s application to other postconviction contexts, which may present different considerations"].)  As such, we exercise our discretion to conduct an independent review of defendant's case for any arguable issues.

After independently reviewing the record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The trial court's order is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
ROBIE, J.